**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|  |  |
|---|---|
| **KAREN LAWS,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | )   **CIVIL NO. 3:08CV722** |
|  | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C.

§ 636(b)(1)(B) on cross-motions for summary judgment.[1]  Plaintiff, Karen Laws, seeks judicial

review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying

her applications for Social Security Disability ("DIB") and Supplemental Security Income

payments ("SSI").  The Commissioner's final decision is based on a finding by the

Administrative Law Judge ("ALJ") that Plaintiff was not disabled as defined by the Social

Security Act ("the Act") and applicable regulations.

For the reasons discussed herein, it is the Court's recommendation that Plaintiff's motion

for summary judgment (docket no. 11) be DENIED; that Defendant's motion for summary

---

[1] The administrative record in this case has been filed under seal, pursuant to Local Civil
Rules 5 and 7(C).  In accordance with these Rules, the Court will endeavor to exclude any personal
identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth
(except for year of birth), and any financial account numbers from its consideration of Plaintiff's
arguments and will further restrict its discussion of Plaintiff's medical information to the extent
necessary to properly analyze the case.

judgment (docket no. 13) be GRANTED; and that the final decision of the Commissioner be

AFFIRMED.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed for DIB in July 2005 and SSI in June 2005, claiming disability

due to degenerative disc disease and degenerative joint disease of the hips.  (R. at 11, 13, 104.)

Initially, Plaintiff alleged that the disability's onset date was June 18, 2004.  (R. at 104.)  The

date was amended, however, to September 5, 2004 to correspond with Plaintiff's fiftieth

birthday.  (R. at 62.)  The Social Security Administration ("SSA") denied Plaintiff's claims

initially and on reconsideration.[2]  (R. at 45-46.)  Plaintiff requested a hearing and on December

21, 2007, accompanied by counsel, she testified before an ALJ.  (R. at 21-44, 49-50.)  On

January 25, 2008 the ALJ denied Plaintiff's application, finding that she was not disabled under

the Act because she could perform her past relevant work as a secretary.  (R. at 11-18.)  The

Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision

the final decision of the Commissioner subject to judicial review by this Court.  (R. at 3-6.)

## II. QUESTION PRESENTED

Is the Commissioner's decision that Plaintiff is not entitled to benefits supported by

substantial evidence on the record and the application of the correct legal standard?

---

[2] Initial and reconsideration reviews in Virginia are performed by an agency of the state government–the Disability Determination Services (DDS), a division of the Virginia Department of Rehabilitative Services–under arrangement with the SSA.  20 C.F.R. Part 404, Subpart Q; see also § 404.1503.  Hearings before administrative law judges and subsequent proceedings are conducted by personnel of the federal SSA.

### III. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standards were applied in evaluating the evidence. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla, less than a preponderance, and is the kind of relevant evidence a reasonable mind could accept as adequate to support a conclusion. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In order to find whether substantial evidence exists, the Court is required to examine the record as a whole, but it may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary.'" Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). In considering the decision of the Commissioner based on the record as a whole, the Court must "'take into account whatever in the record fairly detracts from its weight.'" Breeden v. Weinberger, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951)). The Commissioner's findings as to any fact, if the findings are supported by substantial evidence, are conclusive and must be affirmed. Perales, 402 U.S. at 390. While the standard is high, if the ALJ's determination is not supported by substantial evidence on the record, or if the ALJ has made an error of law, the district court must reverse the decision. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

A sequential evaluation of a claimant's work and medical history is required in order to determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520; Mastro, 270

F.3d at 177.  The analysis is conducted for the Commissioner by the ALJ, and it is that process

that a court must examine on appeal to determine whether the correct legal standards were

applied, and whether the resulting decision of the Commissioner is supported by substantial

evidence on the record.

The first step in the sequence is to determine whether the claimant was working at the

time of the application and, if so, whether the work constituted "substantial gainful activity"

(SGA).[3]  20 C.F.R. §§ 416.920(b), 404.1520(b).  If a claimant's work constitutes SGA, the

analysis ends and the claimant must be found "not disabled," regardless of any medical

condition.  Id.  If the claimant establishes that she did not engage in SGA, the second step of the

analysis requires her to prove that she has "a severe impairment . . . or combination of

impairments which significantly limit[s] [her] physical or mental ability to do basic work

activities."  20 C.F.R. § 416.920(c); see also 20 C.F.R.404.1520(c).  In order to qualify as a

severe impairment that entitles one to benefits under the Act, it must cause more than a minimal

effect on one's ability to function.  20 C.F.R. § 404.1520(c).  At the third step, if the claimant has

an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P,

Appendix 1 (listing of impairments) and lasts, or is expected to last, for twelve months or result

in death, it constitutes a qualifying impairment and the analysis ends.  20 C.F.R. §§ 416.920(d),

404.1520(d).  If the impairment does not meet or equal a listed impairment, then the evaluation

---

[3] SGA is work that is both substantial and gainful as defined by the Agency in the C.F.R.
Substantial work activity is "work activity that involves doing significant physical or mental
activities.  Your work may be substantial even if it is done on a part-time basis or if you do less, get
paid less, or have less responsibility than when you worked before."  20 C.F.R. § 404.1572(a).
Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized."
20 C.F.R. § 404.1572(b).  Taking care of oneself, performing household tasks or hobbies, therapy
or school attendance, and the like, are not generally considered substantial gainful activities.  20
C.F.R. § 404.1572(c).

proceeds to the fourth step in which the ALJ is required to determine whether the claimant can

return to her past relevant work[4] based on an assessment of the claimant's residual functional

capacity (RFC)[5] and the "physical and mental demands of work [the claimant] has done in the

past." 20 C.F.R. §§ 416.920(e), 404.1520(e). If such work can be performed, then benefits will

not be awarded. Id. However, if the claimant cannot perform her past work, the burden shifts to

the Commissioner at the fifth step to show that, considering the claimant's age, education, work

experience, and RFC, the claimant is capable of performing other work that is available in

significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); Powers v.

Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146, n.5

(1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The Commissioner can carry his

burden in the final step with the testimony of a VE. When a VE is called to testify, the ALJ's

function is to pose hypothetical questions that accurately represent the claimant's RFC based on

all evidence on record and a fair description of all the claimant's impairments so that the VE can

offer testimony about any jobs existing in the national economy that the claimant can perform.

Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Only when the hypothetical posed represents

*all* of the claimant's substantiated impairments will the testimony of the VE be "relevant or

---

[4] Past relevant work is defined as SGA in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a), 404.1565(a).

[5] RFC is defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR-96-8p. When assessing the RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. Id. (footnote omitted).

helpful."  Id.  If the ALJ finds that the claimant is not capable of SGA, then the claimant is found

to be disabled and is accordingly entitled to benefits.  20 C.F.R. §§ 416.920(f)(1),

404.1520(f)(1).

## IV.  ANALYSIS

The ALJ found at step one that Plaintiff had not engaged in SGA since the alleged onset

of her disability.  (R. at 113)  At steps two and three, the ALJ found that Plaintiff had the severe

impairments of degenerative disc disease of the spine and degenerative joint disease of the hips,

but that these impairments did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P,

Appendix 1, as required for the award of benefits at that stage.  (R. at 13-14.)  The ALJ next

determined that Plaintiff had the RFC to perform sedentary work, but that she could only "lift

five pounds frequently and 10 pounds occasionally."  (R. at 14.)  Additionally, the ALJ found

that the Plaintiff needed the option to stand two to three minutes every thirty minutes, but that it

would not be necessary for her to leave the work station.  (R. at 14.)  Finally, the ALJ noted that

the Plaintiff could not do overhead reaching and could only crouch, kneel, and crawl about

twenty percent of the time.  (R. at 14.)

The ALJ then determined at step four of the analysis that Plaintiff could perform her past

relevant work as a secretary because such work does not require activities precluded by the

Plaintiff's RFC.  (R. at 17.)  Because the ALJ determined that Plaintiff was capable of

performing her past relevant work, it was unnecessary to pursue the analysis to step five in

which the Commissioner would have had the burden to show that, considering the claimant's

age, education, work experience, and RFC, the claimant was capable of performing other work

that is available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(f);

404.1520(f); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482

U.S. 137, 146 n.5 (1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). Accordingly, the

ALJ concluded that Plaintiff was not disabled and was employable such that she was not entitled

to benefits. (R. at 17.)

Plaintiff moves for a finding that she is entitled to benefits as a matter of law, or in the

alternative, she seeks reversal and remand for additional administrative proceedings. (Pl.'s Mot.

for Summ. J.) In support of her position, Plaintiff argues that the ALJ: (1) failed to assess the

combined impact of Plaintiff's impairments; (2) improperly discounted Plaintiff's credibility as

to the nature and impact of her impairments; and (3) failed to consider whether Plaintiff is

entitled to benefits for a closed period of disability. (Pl.'s Mem. in Supp. of Mot. for Summ. J.

("Pl.'s Mem.") at 10-21.) Defendant argues in opposition that the Commissioner's final decision

is supported by substantial evidence and application of the correct legal standard such that it

should be affirmed. (Def.'s Mot. for Summ. J. and Br. in Supp. Thereof ("Def.'s Mem.") at 14-

23.)

**1.     Plaintiff contends that the ALJ failed to assess the combined impact of Plaintiff's impairments.**

Plaintiff argues that the ALJ failed to consider the combined impact of Plaintiff's

multiple impairments upon her ability to perform gainful activity. (Pl.'s Mem. at 10-14.) The

Fourth Circuit has held that the combined effect of a claimant's impairments must be considered

when determining a claimant's ability to work. Walker, 889 F.2d at 49-50. Further, "the ALJ

must adequately explain his or her evaluation of the combined effects of the impairments." Id. at

50 (citing Reichenbach v. Heckler, 808 F.2d 309, 312 (4th Cir. 1985)).

The ALJ considered the combined effect of Plaintiff's back and hip impairments at each

relevant step of the sequential analysis. At step three, the ALJ considered whether the plaintiff's

degenerative disc disease of the spine and degenerative joint disease of the hips, either singularly

or in combination, met or equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1.  The ALJ concluded that Plaintiff "does not have an impairment or combination of

impairments that meets or medically equals one of the listed impairments" where Plaintiff's

"musculoskeletal impairments have not resulted in a compromise of a nerve root or the spinal

cord, motor loss, spinal arachnoiditis, lumbar spinal stenosis, or any inability to ambulate

effectively meeting sections 1.04 or an inability to perform fine and gross movements effectively

meeting section 1.02 Appendix 1."  (R. at 14.)  The ALJ again considered Plainitiff's

impairments in combination when determining her RFC.  In doing so, the ALJ accommodated

the limitations arising from both Plaintiff's back and hip impairments, giving credence to

Plaintiff's subjective complaints.  (R. at 14-17.)  At step four, the ALJ assessed Plaintiff's

combination of impairments by posing a hypothetical question to a VE.  (R. at 17.)  The VE

testified that an individual with such a combination of impairments as the Plaintiff could perform

Plaintiff's past relevant work as a secretary as such work is generally performed in the national

economy.  (R. at 17, 39-44.)  Thus, it is clear that the ALJ thoroughly discussed Plaintiff's

multiple impairments, including their combined effect, and why the impairments were

insufficient to show that Plaintiff was unable to work, consistent with the requirements of

Walker and Reichenbach.

**2.      Plaintiff contends that the ALJ's disability determination is not supported by substantial evidence because the ALJ improperly discounted Plaintiff's credibility.**

        Plaintiff asserts that the ALJ erred by failing to give proper weight to her subjective

complaints of pain.  (Pl.'s Mem. at 14-19.)  Specifically, Plaintiff claims that the ALJ failed to

consider "all the available evidence" and mischaracterized evidence in discrediting Plaintiff's credibility.  (Pl.'s Mem. at 14-19.)

After step three of the ALJ's sequential analysis, but before deciding whether a claimant can perform past relevant work at step four, the ALJ must determine the claimant's RFC.  20 C.F.R. §§ 416.920(e)-(f), 416.945(5)(1).  The RFC must incorporate impairments supported by the objective medical evidence in the record and those impairments that are based on the claimant's credible complaints.  In evaluating a claimant's subjective symptoms, the ALJ must follow a two-step analysis.  Craig v. Charter, 76 F.3d 585, 594 (4th Cir. 1996); see also SSR 96-7p; 20 C.F.R. §§ 404.1529(a) and 416.929(a).  The first step is to determine whether there is an underlying medically determinable physical or mental impairment or impairments that reasonably could produce the individual's pain or other related symptoms.  Id.; SSR 96-7p, at 1-3.  The ALJ must consider all the medical evidence in the record.  Craig, 76 F.3d at 594-95; SSR 96-7p, at 5, n.3; see also SSR 96-8p, at 13 (specifically stating that the "RFC assessment must be based on *all* of the relevant evidence in the case record") (emphasis added).  If the underlying impairment reasonably could be expected to produce the individual's pain, then the second part of the analysis requires the ALJ to evaluate a claimant's statements about the intensity and persistence of the pain and the extent to which it affects the individual's ability to work.  Craig, 76 F.3d at 595.  The ALJ's evaluation must take into account "all the available evidence," including a credibility finding of the claimant's statements regarding the extent of the symptoms and the ALJ must provide specific reasons for the weight given to the individual's statements.  Craig, 76 F.3d 595-96; SSR 96-7p, at 5-6, 11.

This Court must give great deference to the ALJ's credibility determinations.  See Eldeco, Inc. v. NLRB, 132 F.3d 1007, 1011 (4th Cir. 1997).  The Court of Appeals for the

Fourth Circuit has determined that "[w]hen factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent 'exceptional circumstances.'" Id. (quoting NLRB v. Air Prods. & Chems., Inc., 717 F.2d 141, 145 (4th Cir. 1983)). Therefore, this Court must accept the ALJ's factual findings and credibility determinations unless "'a credibility determination is unreasonable, contradicts other findings of fact, or is based on an inadequate reason or no reason at all.'" Id. (quoting NLRB v. McCullough Envtl. Servs., Inc., 5 F.3d 923, 928 (5th Cir. 1993)).

Furthermore, it is well established that Plaintiff's subjective allegations of pain are not, alone, conclusive evidence that Plaintiff is disabled. See Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994). The Fourth Circuit has determined that "subjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." Craig, 76 F.3d at 591.

At the hearing before the ALJ, in support of her subjective complaints of pain and limitations as a result of her impairments, Plaintiff testified that she underwent a lumbar fusion of her back in August 2005, and a left hip replacement in September 2007, and that a procedure for the replacement of her right hip was pending. (R. at 31.) With respect to her hips, Plaintiff stated that her left hip was "much better" after the surgery, but that the she still experienced pain down her right side. (R. at 31.) She further testified that she was limited in her ability to turn her head when she operated a vehicle and that her arms and hands go numb when she drives and when she sleeps. (R. at 32-33.) She testified further that she could lift approximately ten pounds, had difficulty reaching and looking down into cabinets in the kitchen, and could not do a lot of lifting, dragging, pulling or cleaning. (R. at 33.) She also said that she had problems with

sitting and preferred to stand or lie down.  (R. at 33-34.)  She further testified that she walked

with a cane for stability, but that she could move without the cane if she was "careful," or if she

was "not doing anything big."  (R. at 36.)

It is clear from the ALJ's opinion that he performed a thorough analysis of both the

subjective and objective medical evidence presented to him in making his determinations as to

Plaintiff's credibility and RFC.  The ALJ found that the "claimant's medically determinable

impairments could reasonably be expected to produce the alleged symptoms, but that the

claimant's statements concerning the intensity, persistence and limiting effects of these

symptoms are not entirely credible."  (R. at 15.)  Specifically, the ALJ concluded that Plaintiff's

medical records and her description of her daily activities were inconsistent with the amount of

pain Plaintiff allegedly experienced.  (R. at 16.)   He nonetheless gave Plaintiff's subjective

complaints some deference inasmuch as he found that she was limited to performing sedentary

work with limitations.  (R. at 14-17.)

Plaintiff claims that the ALJ failed to consider "all the available evidence" in

discrediting her credibility.  (Pl.'s Mem. at 14-17.)  More precisely, Plaintiff argues that the ALJ

failed to consider Plaintiff's medication, treatment, and work record.  (Pl.'s Mem. at 14-17.)

Contrary to Plaintiff's assertion, however, the ALJ considered Plaintiff's medication and

treatment in addition to her medical records and description of daily activities in evaluating her

credibility.  (R. at 15-17.)  With regard to Plaintiff's medication, the ALJ noted that she treated

her pain with over-the-counter medications.  (R. at 16.)  As to the other types of treatment, the

ALJ acknowledged that Plaintiff had undergone conservative treatment as well as surgery for her

back and hip, but he also observed that Plaintiff had responded favorably to both forms of

treatment.  (R. at 16.)  Plaintiff further argues that the ALJ failed to note Plaintiff's good work

record in evaluating her credibility.  (Pl.'s Mem. at 17.)  Although the ALJ did not expressly

discuss Plaintiff's work record in the portion of his decision in which he explains the basis of his

credibility determination, he noted her favorable work record in other sections of his decision.

(R. at 17.)  Additionally, inasmuch as the ALJ considered all other relevant factors, Plaintiff's

work record, standing alone, is insufficient to contravene the ALJ's credibility finding.

Plaintiff further contends that the ALJ's decision is not supported by substantial evidence

because the ALJ mischaracterized certain evidence in the record.  (Pl.'s Mem. at 17-19.)  For

example, Plaintiff asserts that the ALJ incorrectly observed that Plaintiff responded initially to

the conservative treatment for her back.  (Pl.'s Mem. at 17-19.)  However, the record reflects that

Plaintiff told Dr. Reing in June 2005 that she had undergone epidural steroid injections "with

eventually some good response."  (R. at 353.)  Additionally, Plaintiff asserts that the ALJ noted

that Plaintiff exhibited an ability to sit for two hours during an interview with a claims

representative, but failed to also note that the claims representative observed that Plaintiff

"looked uncomfortable as she rose and departed."  (Pl.'s Mem. at 18.)  Plaintiff further contends

that the ALJ considered Plaintiff's daily activities in summary fashion and failed to note

Plaintiff's qualifications of her ability to perform relevant daily activities.  (Pl.'s Mem. at 18.)

As earlier noted, the ALJ did not completely discredit Plaintiff's subjective complaints.  Rather,

he found her complaints partially credible in finding that she was able to perform only sedentary

work with the option to stand for two to three minutes once every thirty minutes, in addition to

other restrictions.  (R. at 14-17.)

The ALJ performed the required Craig analysis and provided an explicit rationale to

support his conclusions.  The ALJ found that the Plaintiff had the severe impairments of

degenerative disc disease of the spine and degenerative joint disease of the hips, but that these

12

impairments, either individually or in combination, did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 13-14.)  The ALJ accordingly found that while such impairments could reasonably be expected to produce the alleged symptoms, the Plaintiff's statements regarding the intensity, duration, and limiting effects of the alleged symptoms were not entirely credible.  (R. at 15.)

It is clear that the evidence in the record supports the ALJ's determination that Plaintiff's testimony regarding the extent and limiting effects of her pain was less then credible.  The record additionally indicates that the ALJ, despite his credibility determinations, nevertheless gave deference to Plaintiff's subjective complaints of pain and medical history by finding that she was limited to performing only sedentary work with some additional limitations.  Accordingly, the Court recommends a finding that the ALJ's conclusions regarding Plaintiff's credibility and RFC determinations are based on substantial evidence in the record and application of the correct legal standard, and should not, therefore, be overturned.

**3.   Plaintiff asserts that the ALJ failed to consider whether Plaintiff is entitled to benefits for a closed period of disability.**

Relying on 20 C.F.R. § 404.316, Plaintiff contends that the ALJ applied an incorrect standard of law in failing to assess whether she would have been entitled to a closed period of disability.  (Pl.'s Mem. at 20.)  That section of the regulations governs when an entitlement to disability benefits begins and ends.  20 C.F.R. § 404.316.  It does not require an ALJ to separately assess whether a claimant is disabled for a closed period of time.  Id.  Plaintiff contends that she is entitled to benefits for the period spanning from her alleged onset date of June 18, 2004 through to her recovery from her hip surgery which occurred three months before her January 25, 2008 hearing.  (Pl.'s Mem. at 20.)  The ALJ found that Plaintiff had not been

under a disability from the alleged onset date through the date of his decision.  (R. at 17.)  In

doing so, it is implicit that he also found that Plaintiff was not disabled for a closed period within

that time span.  Thus, Plaintiff's contention that the ALJ applied an incorrect standard is not

supported.

## V.  CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Plaintiff's

motion for summary judgment (docket no. 11) be DENIED; that Defendant's motion for

summary judgment (docket no. 13) be GRANTED; and, that the final decision of the

Commissioner be AFFIRMED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable

Richard L. Williams and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and**

**recommendations of the Magistrate Judge contained in the foregoing report within ten (10)**

**days after being served with a copy of this report may result in the waiver of any right to a**

**de novo review of the determinations contained in the report and such failure shall bar you**

**from attacking on appeal the findings and conclusions accepted and adopted by the District**

**Judge except upon grounds of plain error.**

                                                                          /s/                                    
                                                        DENNIS W. DOHNAL
                                                        UNITED STATES MAGISTRATE JUDGE

Date:  September 14, 2009  
Richmond, Virginia