**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|  |  |  |
|---|---|---|
| **KAREN LAWS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:08CV722 |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court to consider Plaintiff's objections to the Report and Recommendation ("R&R") entered by the Honorable Dennis W. Dohnal, United States Magistrate Judge, on September 14, 2009, pursuant to 28 U.S.C. § 636(b)(1)(B), affirming the decision of the Administrative Law Judge ("ALJ") that the Plaintiff is not disabled. When a party files objections to a magistrate judge's R&R, the Court considers de novo those portions of the R&R to which an objection has been made. 28 U.S.C. § 636(b)(1)(C).

Having considered the R&R, the entire record, and the objections and arguments of counsel, the objections to the R&R will be overruled; the R&R will be accepted and adopted; the Plaintiff's Motion for Summary Judgment will be denied; the Defendant's Motion for Summary Judgment will be granted; and the decision of the Commissioner will be affirmed.

**PLAINTIFF'S OBJECTIONS**

The Plaintiff first objects to the Magistrate Judge's R&R on the ground that the Magistrate Judge applied an incorrect standard of review. (Pl.'s Obj. 1-2). Specifically, the

Plaintiff contends that the Magistrate Judge applied a heightened standard in reviewing the ALJ's determination regarding the credibility of the Plaintiff's subjective complaints of pain. (Id.). An ALJ's assessment of a claimant's credibility regarding the severity of her symptoms is entitled to great weight when it is supported by the record. See Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir. 1984). Upon review of the R&R, the Court finds that the Magistrate Judge accorded appropriate deference to the ALJ's credibility determination and did not apply a heightened standard of review. Plaintiff's objection is overruled.

The Plaintiff further objects on the ground that the ALJ did not consider all of the available evidence, and specifically, that the ALJ failed to consider the Plaintiff's stellar work record. (Pl.'s Obj. 2-3). This argument was presented by the Plaintiff to the Magistrate Judge in Plaintiff's Motion for Summary Judgment. Upon review of the R&R, the Court concludes that the Magistrate Judge properly considered this argument and appropriately concluded that the ALJ's credibility determination was supported by substantial evidence. For these reasons and those reasons set forth in the R&R, Plaintiff's objection is overruled.

Additionally, the Plaintiff contends that the ALJ's credibility findings are internally inconsistent. (Pl.'s Obj. 4-5). As noted by the Magistrate Judge, the regulations set forth a two-step process for evaluating the credibility of a Plaintiff's subjective complaints of pain. First, the Plaintiff must show that she has a medical impairment that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). If the Plaintiff satisfies this initial burden, the ALJ must then consider the intensity and persistence of the Plaintiff's pain and the extent to which it affects her ability to work. Id. at 595. In doing so, the ALJ must take into account "not only the claimant's statements about her pain, but also 'all the

available evidence,' including the claimant's medical history, medical signs, and laboratory findings . . .; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.). . .; and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." Id.

  The ALJ found at the first step that the Plaintiff had a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. (A.R. at 15). At step two, the ALJ considered the objective medical evidence and Plaintiff's description of her daily activities and found that her subjective complaints of pain were not entirely credible. (Id. at 16). The Plaintiff asserts that the ALJ "failed to explain why he would have considered the objective medical findings as reasonably expected to produce [Plaintiff's] actual pain but then utilize some aspects of normal physical exams as detracting from her credibility." (Pl.'s Obj. 5 (emphasis in original)). This objection misstates the inquiries at each step of the Craig test. At step one, the Plaintiff must identify objective medical evidence of an impairment that could reasonably be expected to produce the pain alleged, not objective medical evidence of her actual pain. Objective medical evidence of the Plaintiff's pain, if any is available, is to be considered at step two, along with the Plaintiff's statements about her pain, and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities and any medical treatment taken to alleviate the pain. The ALJ correctly applied the Craig test and found that Plaintiff's subjective complaints of pain were not entirely credible. The Court discerns no inconsistencies in the ALJ's analysis under Craig. Plaintiff's objection is overruled.

  The Plaintiff's final objection is that the ALJ failed to consider the combined impact of

3

her back and hip impairments. (Pl.'s Obj. 5-6). This argument was presented to the Magistrate Judge in Plaintiff's Motion for Summary Judgment. The Magistrate Judge considered this argument and properly concluded that the ALJ's residual functional capacity determination accounted for the limitations arising from both Plaintiff's back and hip impairments. Plaintiff's objection is overruled for the reason stated in the R&R.

## CONCLUSION

Having considered <u>de novo</u> the portions of the R&R to which Plaintiff has objected, the Court finds that the Magistrate Judge's findings of fact and conclusions of law were without error. The objections to the R&R will be overruled; the R&R will be accepted and adopted; the Plaintiff's Motion for Summary Judgment will be denied; the Defendant's Motion for Summary Judgment will be granted; and the decision of the Commissioner will be affirmed.

An appropriate Order shall issue.

/s/
Richard L. Williams
Senior United States District Judge

Richmond, Virginia
Dated: October 8, 2009